UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| STEPHEN CORTNEY MAXWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-1093-JDT-jay |
| ) | |
| BILL LEE, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION AND
GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Stephen C. Maxwell, a resident of Savannah, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He sued Bill Lee, Governor of the State of Tennessee; Randy McNally, Lieutenant Governor and Senate Speaker; Cameron Sexton, House Speaker; and Herbert H. Slattery, III, Attorney General and Reporter. Maxwell alleges his constitutional rights were violated by Executive Orders No. 22 and No. 23, which were issued by Governor Lee in response to the COVID-19 global pandemic on March 30, 2020 and April 2, 2020, respectively.

The Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (ECF No. 12.) Plaintiff responded to the motion. (ECF No. 13.) Plaintiff also filed a motion for default judgment in which he appears to contend the Defendants are in default because they did not file their motion to dismiss until "a full 30 days" after the complaint was filed. (ECF No. 16 at PageID 79.) However, in most cases a defendant's response to a complaint is not due until 21 days after the defendant is served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff's

returns of service indicate he mailed the summonses by certified letter on May 4, 2020.[1] (ECF No. 9.) Plaintiff did not attach any return receipts, but the service packets necessarily would have been received on a date sometime after May 4th. Even if the packets were delivered the very next day, which is unlikely, the motion to dismiss was filed 22 days later, on May 27, 2020, a delay of only one day. Such a minimal delay did not prejudice Plaintiff.

Moreover, Plaintiff's failure to attach signed return receipts also defeats his request for default judgment. *See* Tenn. R. Civ. P. 4.04(10) ("Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute."). Accordingly, the motion for default judgment is DENIED.

On June 29, 2020, U.S. Magistrate Judge Jon A. York issued a Report and Recommendation (R&R) in which he recommended granting the Defendants' motion to dismiss. (ECF No. 17.) Objections to the R&R were due on or before July 23, 2020. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). Plaintiff, however, has filed no objections to the R&R.[2]

---

[1] Plaintiff's returns of service indicate that he also sent the summonses to the Office of the Attorney General via e-mail, but e-mail is not an officially authorized method of serving a summons under either Federal Rule of Civil Procedure 4 or Tennessee Rule of Civil Procedure 4.04.

[2] Plaintiff did file an earlier objection to the Defendants' female counsel, Assistant Attorney General Heather C. Ross. (ECF No. 14.) He asserts the Bible instructs that women may not be in authority over men. However, a litigant is not entitled to demand disqualification of opposing counsel on the basis of the litigant's own personal religious beliefs.

Plaintiff also asserts Defendant Slattery's office should be disqualified as counsel for the Defendants because "they may be showing favoritism to their superiors." (*Id.* at PageID 74). That also is not grounds for disqualification. Under Tennessee law it is the duty of the Office of the Attorney General to direct "all civil litigated matters and administrative proceedings in which the state or any officer . . . of the state may be interested." Tenn. Code Ann. § 8-6-109(b)(1).

Plaintiff alleges that Governor Lee, by issuing Executive Orders No. 22 and No. 23, unlawfully and without due process of law placed him and all Tennessee residents on "lockdown." He contends the Executive Orders prevented him from leaving his home except during normal business hours so that he was prohibited from going out between midnight and 6:00 a.m. This allegedly amounted to false arrest and imprisonment. Plaintiff also contends the lockdown interfered with his First Amendment right to worship in some unspecified manner. As a result of the restrictions, he allegedly suffered mental anguish, anxiety, and claustrophobia. He seeks monetary damages. (ECF No. 1 at PageID 4.)

Magistrate Judge York first found merit to the Defendants' argument that under Article III of the United States Constitution Plaintiff does not have standing to bring his claims because he has not alleged that he suffered a particularized "injury in fact." In other words, he does not contend that his constitutional rights were violated in any way that was not felt by all Tennesseans due to the Executive Orders in question. Plaintiff also does not allege that he ever attempted to leave his home during the lockdown but was prevented or that he actually left his home and was arrested or suffered any other consequences for doing so. The Court finds no error in the Magistrate Judge's conclusion regarding standing.

Magistrate Judge York also correctly determined that, even if Plaintiff has standing, his allegations fail to state a claim on which relief may be granted. The Defendants all are state officials; any official capacity claims therefore are treated as claims against the State of Tennessee itself and are barred by the Eleventh Amendment's grant of sovereign immunity.

As to Plaintiff's claims against Defendants McNally, Sexton, and Slattery in their individual capacities, there are no allegations in the complaint of any wrongdoing. They apparently are sued merely because of their positions or because they did not attempt to prevent or

counteract the issuance and effect of Executive Orders No. 22 and No. 23. Such failure to act does not amount to the type of personal involvement that will support liability under 42 U.S.C. § 1983. The Magistrate Judge further concluded that the claims against Governor Lee in his individual capacity fail to state a claim because the Executive Orders about which Plaintiff complains were a proper emergency use of the State's police powers during the current COVID-19 pandemic.[3] These conclusions also are not erroneous.

For the reasons stated in the R&R, the Court agrees that Plaintiff Maxwell does not have standing to bring his claims and/or has failed to state a claim on which relief may be granted. The R&R is ADOPTED in its entirety. Defendants' motion to dismiss therefore is GRANTED, and this case is DISMISSED with prejudice.[4]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE

---

[3] Though it is not relevant on a motion to dismiss, the Court notes that Plaintiff has misunderstood Executive Orders No. 22 and No. 23. Neither order required Tennessee residents to stay inside their homes except during normal business hours. For example, "Essential Activity" was defined in Order No. 22 to include outdoor activities such as "driving or riding in a vehicle, walking, running, biking, swimming, kayaking, canoeing, golf, tennis, or other sports or recreational activities . . . or utilizing public parks and outdoor recreation areas" as long as the proper health precautions were taken. *An Order Directing Tennesseans to Stay Home Unless Engaging in Essential Activities to Limit Their Exposure to and Spread of COVID-19*, State of Tenn. Exec. Order No. 22 (Mar. 30, 2020), https://publications.tnsosfiles.com/pub/ execorders/exec-orders-lee22.pdf. Significantly, Essential Activity also included "[v]isiting a place of worship" if applicable health guidelines were "followed to the greatest extent practicable." *Id.*

[4] On May 4, 2020, Plaintiff filed a "Motion/Objection for Conference" asking to be excused from all private conferences with the opposing parties and their counsel due to his post-traumatic stress disorder. (ECF No. 8.) Because this case is being dismissed, that motion is DENIED as moot.